UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 6:09-CR-12-GFVT-HAI |
| v. | ) | RECOMMENDED DISPOSITION |
| BRENT BRITTON, | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove (D.E. 447), the Court considers reported violations of supervised release conditions by Defendant Brent Britton. Judge Van Tatenhove entered a judgment against Defendant on September 30, 2010, for one count of conspiracy to manufacture more than five grams of methamphetamine and one count of possession of pseudoephedrine, a List I Chemical, for use in the manufacture of methamphetamine. D.E. 377 at 1. Defendant was sentenced to 87 months of imprisonment on each count, to be served concurrently, for a total term of 87 months, followed by 8 years of supervised release on each count, to run concurrently, for a total term of 8 years. *Id*. at 2-3. Defendant began his supervised release term on November 13, 2014.

On July 4, 2016, Defendant was arrested by the Laurel County Sheriff's Department and charged with driving under the influence, along with other minor traffic infractions. D.E. 445. Defendant reported his arrest to the United States Probation Office ("USPO") the next day. *Id*. On July 12, 2016, USPO Tyler submitted a Form 12A Report on Offender Under Supervision

1

requesting that no action be taken and that Defendant be required to complete 40 hours of community service. *Id*. USPO Tyler stated that Defendant was gainfully employed and seemed to be doing well on supervised release, aside from the DUI charge. *Id*. On July 25, 2016, USPO Tyler submitted an amended Form 12A, modifying the community service condition and requiring Defendant to provide written proof of the number of hours completed. D.E. 445. District Judge Van Tatenhove approved the original recommendation (D.E. 444) and the subsequent modification (D.E. 445).

On April 2, 2017, Defendant was arrested by the Jackson County Sheriff's Department for driving on a DUI suspended license and ultimately pled guilty. D.E. 446. On April 12, 2017, USPO Tyler submitted a Form 12A Report on Offender Under Supervision requesting that no action be taken. *Id*. In support of his recommendation, USPO Tyler stated that Defendant remained employed, was receiving rides to and from work, had been verbally reprimanded, and feared being incarcerated. *Id*. District Judge Van Tatenhove approved the requested action. *Id*.

**I.**

On May 26, 2017, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated this revocation. The Report charges two violations.

First, the Report charges, in Violation #1, a violation of the Standard Condition requiring that Defendant "shall not commit another federal, state or local crime." Specifically, the Report alleges that, on May 25, 2017, Defendant reported to the USPO after he failed to report on both May 23 and May 24. He was advised that the USPO received an anonymous phone call indicating he was possibly using methamphetamine. He subsequently admitted to using methamphetamine, via inhalation, on May 19 and May 20, 2017, and requested to take a drug

test to confirm the methamphetamine was no longer in his system. USPO Tyler collected a urine specimen which tested negative via instant testing device, and Defendant signed a written admission in which he admitted to using methamphetamine on May 19 and May 20, 2017. This is a Grade C violation.

The Report charges Defendant, in Violation # 2, with violating the Standard Condition requiring that he "not commit another federal, state, or local crime." Specifically, the Report alleges that "due to the defendant's prior drug conviction and with the Sixth Circuit Court of Appeals' ruling that use is the equivalent of possession, simple possession of methamphetamine constitutes conduct in violation of 21 U.S.C. § 844(a), a Class E felony." This is a Grade B violation.

**II.**

On June 13, 2017, the Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 451. At the initial appearance, the United States made an oral motion for interim detention, and Defendant argued for release. *Id*. The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under 18 U.S.C. § 3143(a) and remanded him to the custody of the United States Marshal. *Id.*

At the final hearing on June 15, 2017, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 452. Defendant competently entered a knowing, voluntary, and intelligent stipulation to both violations. *Id*. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. *Id*. The United States thus established both violations under the standard of section 3583(e). *Id*.

The parties did not agree as to the sentence. The government argued for revocation with 10 months of imprisonment, followed by the continuation of his current term of supervised release set to expire on November 12, 2022. Defendant argued for revocation with 8 months of imprisonment, followed by continuation of his current term of supervised release.

### III.

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to the Class A felony of conspiracy to manufacture more than five grams of methamphetamine and the Class C felony of possession of pseudoephedrine for use in the manufacture of methamphetamine. *See* 18 U.S.C. §§ 846; 841(a)(1); 841(c)(2); 3559(a)(3). Defendant's conviction carries a 5-year maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h) and 21 U.S.C. §§ 841(a)(1) and 841(c)(2), there is no maximum term of supervised release that may be re-imposed.

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under section 7B1.1, Defendant's admitted conduct in Violation #1 would qualify as a Grade C violation, and

his admitted conduct in Violation #2 would qualify as a Grade B violation. Given Defendant's criminal history category of III (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade"), Defendant's Range, under the Revocation Table of Chapter 7, is 8 to 14 months.

The government argued for revocation with 10 months of imprisonment, followed by continuation of the current term of supervised release set to expire on November 12, 2022. The government argued that Defendant's admitted conduct in Violations #1 and #2 have a direct correlation to his conduct in the underlying offense. Defendant was involved in the manufacture of methamphetamine; specifically, he obtained the pseudoephedrine needed to cook the methamphetamine. The government also stated that there is a strong need to protect the public because Defendant's use of methamphetamine in these violations is new federal felony conduct. The government cited as aggravating Defendant's criminal history, which contains several DUIs and indicates the potential for violence when he is using alcohol or drugs, and his extensive history of abusing methamphetamine. Additionally, the government noted that, although Defendant has been generally compliant and held steady employment on supervised release thus far, this is his third violation. He previously violated the conditions of his supervised release on two occasions—once for driving under the influence and once for driving with a DUI suspended license—but no action was taken. Finally, the government cited as mitigating Defendant's acceptance of responsibility, even when he knew he would produce a clean drug test, but also noted that he avoided USPO Tyler for two days before admitting to using methamphetamine.

Defendant argued for revocation with 8 months of imprisonment, followed by continuation of his current term of supervised release set to expire on November 12, 2022. Defense counsel conceded that Defendant's underlying offense was serious but stated that he has repeatedly demonstrated that he can be successful on supervised release by holding steady employment and caring for his family. Defense counsel emphasized Defendant's honesty in this violation by admitting his use of methamphetamine even when he knew he would test negative for the presence of controlled substances. Defense counsel also discussed Defendant's criminal history and noted that, although his past contains several domestic violence offenses, he was young and has since completed a lengthy term of incarceration and the RDAP program. Finally, defense counsel stated that Defendant made a mistake and explained that he wants to return to his family and continue providing for them.

Defendant addressed the Court, stated that he understands that his case has a Guidelines Range of 8 to 14 months, and asked for the lowest possible sentence.

## IV.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); see *also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant was involved in a dangerous conspiracy to manufacture methamphetamine and

pleaded guilty to a Class A felony. The circumstances of the underlying offense, as described in the PSR, are troubling and indicate that children were exposed to the methamphetamine lab for which Defendant provided the ingredients. Defendant's drug use while on supervised release is directly related to the underlying offense, encourages the upstream manufacture of methamphetamine, and indicates that he could potentially fall back into dangerous drug trafficking.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant's history does not contain a long pattern of drug trafficking. However, given his underlying conviction, each time he uses a controlled substance, he is committing a new federal felony. Additionally, Defendant's criminal history includes domestic violence crimes and several driving under the influence convictions. Overall, Defendant's criminal history indicates that he endangers himself and the public when he is abusing substances. Accordingly, there is a strong need to deter criminal conduct and protect the public.

Regarding opportunities for education and treatment, the Court noted that Defendant completed the RDAP program while incarcerated and spent 5 months in a halfway house upon his release. The Court instructed Defendant to be candid with USPO Tyler after he is released if he thinks he needs further drug abuse treatment.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court

must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant has committed a substantial breach of the Court's trust after receiving a significant downward departure sentence on the underlying offense. Additionally, Defendant experienced leniency from both the Court and USPO Tyler when he twice previously violated the conditions of his supervised release. Defendant has proven that he has potential, can maintain employment, and can be successful on supervised release. However, despite this potential, a lengthy period of incarceration is warranted since he has not repaid the Court for the trust that has repeatedly been placed in him.

A 10-month sentence is slightly below the middle of the Guidelines Range. The Court believes that 10 months is warranted, as opposed to a higher sentence, because Defendant was honest with USPO Tyler, admitted to using methamphetamine, and voluntarily took a drug test despite the fact that he likely would have tested clean. This sentence of incarceration, and continuation of Defendant's current term of supervised release set to expire in November 2022, is adequate to deter similar future conduct, protect the public, and address the breach of the trust that has occurred. Additionally, methamphetamine is a dangerous and addictive drug and is becoming more prevalent in the community, and this sentence is sufficient to reduce the risk that Defendant will fall back into dangerous drug trafficking. Further, the Court recommends that Defendant be candid with the USPO upon release and ask for further drug treatment if he feels like he needs it. The 8-month term requested by the defense is too lenient given Defendant's multiple prior violations leading up to the current revocation. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction does not carry a maximum term of supervised release due to the nature of the underlying offense. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(a)(1); 841(c)(2). Accordingly and for the reasons stated above, the Court will recommend that supervised release be re-imposed to expire on the original date of November 12, 2022, under the same conditions previously imposed.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of 10 months of imprisonment;

2. Continuation of the current term of supervised release set to expire on November 12, 2022, under the same conditions previously imposed.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 16th day of June, 2017.

Signed By:
Hanly A. Ingram
United States Magistrate Judge