UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:09-CR-00012-GFVT-HAI-2 |
| | ) | |
| V. | ) | |
| | ) | |
| BRENT BRITTON, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States

Magistrate Judge Hanly A. Ingram. [R. 469.] Defendant Brent Britton has been charged with

four violations of his terms of supervised release. *Id.*

In October, 2010, Mr. Britton was convicted of one count of conspiracy to manufacture

more than five grams of methamphetamine and one count of possession of pseudoephedrine, a

List I Chemical, for use in the manufacture of methamphetamine. [R. 377 at 1.] The

undersigned sentenced Mr. Britton to 87 months imprisonment, followed by eight years of

supervised release on each count, to run concurrently. *Id.* at 2–3. Mr. Britton's original term of

supervised release began in November 2014. His history on supervision is not entirely clean.

Prior to the instant violation report, the undersigned approved one Report on Offender Under

Supervision requesting no action in July 2016 and another in April 2017. In July 2017 Mr.

Britton was sentenced to 10 months imprisonment for violations of his supervision related to use

of methamphetamine.

On November 7, 2019, the United States Probation Office (USPO) filed the Supervised

Release Violation Report (the Report) at issue. The course of conduct giving rise to these violations took place on October 30, 2019. On that date, USPO Officer Tyler called Mr. Britton and instructed him to appear at the probation office the following day. Mr. Britton responded that he was working in Danville, Kentucky and could not appear the next day. Officer Tyler asked if Mr. Britton was still employed by Unified Utility Alliance, and Mr. Britton stated that he was. Officer Tyler asked Mr. Britton to open his Maps application on his iPhone and take a screenshot of his current location to verify that he was in Danville, Kentucky. Mr. Britton did not send a screenshot as requested. Officer Tyler again instructed Mr. Britton to appear at the probation office the next day, to which Mr. Britton said "OK". He did not appear, and that day Office Tyler received an email from Unified Utility Alliance stating that Mr. Britton was terminated from their employment in July 2019 for attendance issues.

Based on this conduct, the Report alleges 4 violations. Violation 1 alleges Mr. Britton violated the condition of his release requiring that he follow the instructions of the probation officer. Violation 2 alleges Mr. Britton violated the condition that he answer truthfully his probation officer's questions. Violation 3 alleges Mr. Britton violated the condition requiring that he work full time and notify his probation officer of any changes in employment. Finally, Violation 4 alleges Mr. Britton violated the condition requiring that he report as instructed to the probation office. These are Grade C violations. Mr. Britton appeared before Judge Ingram for his initial appearance on December 16, 2019, and a final hearing was scheduled for December 26, 2019.

On the day of the final hearing, Mr. Britton requested a formal final hearing. The Court heard testimony from Officer Tyler and argument from both parties. The United States argued Officer Tyler's testimony proved the violations by a preponderance of the evidence, and defense

counsel conceded that there was no evidence showing that the violations did not occur. Judge Ingram concluded that the testimony of Officer Tyler supported the charges and announced he would recommend Mr. Britton be found guilty of all violations. Subsequently, Judge Ingram prepared a Recommended Disposition. [R. 469.]

With a criminal history category of III and a Grade C[1] violation, Mr. Britton's range under the Revocation Table of Chapter 7 is five to eleven months. The government argued for a fourteen-month term of incarceration followed by two years of supervised release. Counsel for Mr. Britton argued for a six-month term of incarceration followed by the completion of his current term of supervised release, which will expire on November 12, 2022. The government pointed out that Mr. Britton had benefited from leniency on several occasions, both at his initial sentencing when he received a sentence of 87 months with a guideline range of 120 to 135 months, as well as approval of two No Action requests on earlier USPO reports. The government also highlighted the highly deceptive nature of this Mr. Britton's most recent violations. In contrast, Defense Counsel characterized the violations as "technical," in that while Mr. Britton did not obey his supervising officer, he did not break any laws.

Taking the parties' positions under advisement, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment. *Id.* First, Judge Ingram considered the nature and circumstances of the underlying offense. Mr. Britton was involved in a methamphetamine manufacturing conspiracy and pleaded guilty to a Class A felony. The PSR indicates that children were exposed to the lab for which Mr. Britton provided ingredients. Judge Ingram next turned to Mr. Britton's history and characteristics, the

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

need to deter criminal conduct, and the need to protect the public. Judge Ingram noted that the instant violations are "rife with deception." Even though the violations did not include criminal conduct, the deception shows that Mr. Britton has not changed his attitude or lifestyle in a way that would allow him to be successful on supervision. Finally, Judge Ingram found the need to deter and protect the public is strong; Mr. Britton has a history of domestic violence crimes and driving under the influence. Of course, the primary wrong in the supervision context is violation of the Court's trust by the defendant. Ultimately, Judge Ingram recommended revocation with twelve months of imprisonment, followed by two years of supervised release.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Britton has filed a waiver of allocution. [R. 470]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1.      The Report and Recommendation [**R. 469**] as to Defendant Brent Britton is

**ADOPTED** as and for the Opinion of the Court;

2.     Mr. Britton is found **GUILTY** of all four violations;

3.     Mr. Britton's Supervised Release is **REVOKED;**

4.     Mr. Britton is hereby **SENTENCED** to a **term of incarceration of twelve (12) months**, to be followed by **two (2) years of supervised release** under the conditions previously imposed;

5.     Although placement lies within the discretion of the Bureau of Prisons, in response to the Notice **[R. 471]** filed by Mr. Britton, the Court **RECOMMENDS** placement at FCI Manchester in Manchester, Kentucky or the closest facility; and

6.     Judgment shall enter promptly.

This the 21st day of January, 2020.

Gregory F. Van Tatenhove
United States District Judge